IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case No. 3:23-CR-91 |
| Plaintiff | : | **JUDGE MICHAEL J. NEWMAN** |
| v. | : | |
| **DALAQUAN A. HOWARD** | : | |
| Defendant | : | |

### UNITED STATES' SENTENCING MEMORANDUM

Plaintiff United States of America, by and through Assistant United States Attorney Jahan S. Karamali, respectfully submits the following Sentencing Memorandum for the Court's consideration.

Respectfully submitted,

KELLY A. NORRIS
ACTING UNITED STATES ATTORNEY

 */s/ Jahan S. Karamali*
JAHAN S. KARAMALI (0093800)
Assistant United States Attorney
Federal Building, 200 West Second Street, #600
Dayton, OH 45402
Phone No.: (937) 531-6792
Fax No.: (937) 225-2564
Email: Jahan.Karamali@usdoj.gov

1

## MEMORANDUM

## INTRODUCTION

Defendant Dalaquan Howard presents a danger to the community and needs to be held accountable for his disregard for the law, court orders, and the safety of those around him. The United States of America respectfully requests this Court adopt the parties' Rule 11(c)(1)(A) plea agreement and sentence Mr. Howard to 36 months imprisonment.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 12, 2023, Mr. Howard was associating with a fugitive from justice and parole supervision and prohibited person – codefendant Antone Jackson. (DOC 58, Plea agreement, PAGEID 187). At no point did Mr. Howard make Jackson's whereabouts known to a judge or law enforcement. (*Id*.) The FBI Southern Ohio Safe Streets Task Force and the Regional Agencies Narcotics and Gun Enforcement Task Force observed Jackson and Howard in a Dodge Charger near the Zen Sushi Lounge in Dayton, Ohio. (*Id*.) Also in the Charger were a loaded Glock model 27 semi-automatic handgun, equipped with a SEAR switch and an extended magazine, on the driver's side floorboard, and a loaded Taurus G2C semi-automatic handgun wedged between the front passenger seat and the center console. (DOC 72, Presentence Investigation Report, "PSR", PAGEID 253). When law enforcement approached, Mr. Howard further concealed his knowledge of Jackson's crime of illegally possessing a firearm from a judge and law enforcement. (DOC 58, Plea agreement, PAGEID 187). Mr. Howard was arrested on a warrant for absconding from state probation supervision. (DOC 72, PSR, PAGEID 253).

On September 26, 2023, Mr. Howard was charged by Indictment with possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (DOC 72, PSR, PAGEID 251). On August 19, 2024, Mr. Howard was charged by Superseding Information with one count of misprision of a felony in violation of 18 U.S.C. §4. (*Id*.) On November 7, 2024,

Mr. Howard entered a plea of guilty to Count 1 of the Information pursuant to Rule 11(c)(1)(A). (*Id*.) A Report and Recommendation was filed on November 8, 2024, and adopted by the Court on November 25, 2024. (DOC 60, Report and Recommendation, PAGEID 189; DOC 64, Order Adopting Report and Recommendation, PAGEID 200). On November 9, 2024, Mr. Howard was arrested for improper handling of a firearm in a motor vehicle and having weapons while under disability (DOC 72, PSR, PAGEID 257). Mr. Howard was the driver and sole occupant of a vehicle with an altered license plate in which law enforcement located a stolen firearm and a large amount of marijuana. (*Id*.; see Montgomery County Common Pleas Court Case No. 24CR3151).

The United States Probation Department correctly calculated the advisory Guidelines in this case: Mr. Howard faces a total adjusted offense level of 13 (DOC 72, PSR, PAGEID 257). Mr. Howard's criminal history computation yields a category of V. (*Id*. at PAGEID 267). Because the imprisonment range for this offense falls in Zone D of the Sentencing Table, Mr. Howard is ineligible for probation under the advisory Guidelines calculation (*Id*. at PAGEID 274) (*see* U.S.S.G. §5B1.1 (Application Note 2)). The United States Sentencing Guidelines yield an advisory sentencing range of 30 – 36 months. (*Id*. at PAGEID 277). The United States agrees with the Probation Department that Mr. Howard has not demonstrated acceptance of responsibility pursuant to the advisory Guidelines. (*Id*. at PAGEID 257). Rather, Mr. Howard has demonstrated only that he will – despite the best efforts of the juvenile, state, and federal courts – continue to be in possession of firearms, not comply with the terms of supervision, and endanger the community.

## **ARGUMENT**

A period of 36 months incarceration is sufficient, but not greater than necessary, to protect the public from Mr. Howard and promote respect for the law. As early as 2014, at age 14, Mr. Howard cut off his house arrest bracelet for the first (but not the last) time. (DOC 37, PSR,

PAGEID 258). Three months later, in November 2014, Mr. Howard committed a burglary and was sentenced to commitment with Department of Youth Services, drug court, and probation supervision. (*Id*. at PAGEID 259). He was placed in drug court on April 21, 2015, and two days later, served a 10-day correction for his first violation (bringing pills into the facility). (*Id*.) Mr. Howard violated his probation again in July 2015 by failing to return home and complete community service. (*Id*. at PAGEID 260.) Mr. Howard was released from the Center for Adolescent Services on March 9, 2016, and, three and a half months later, committed a theft offense. (*Id*.) A month and a half after that, he received stolen property, served his sentence, and was released to probation supervision. (*Id*.) His supervision was terminated for committing another receiving stolen property offense in October 2016. (*Id*. at PAGEID 261).

Mr. Howard's documented history with firearms started in 2017 when he was 17 years old. He possessed a handgun in a school zone in 2017. (*Id*.) Less than one month later, Mr. Howard committed an aggravated robbery and grand theft of a motor vehicle. (*Id*.) He was committed to the Department of Youth Services for at least a year and released to parole supervision on July 24, 2019. (*Id*.) On August 4, 2019, Mr. Howard – age 19 – fled from officers in a stolen Mercedes after being given visual and audible indicators to stop. (*Id*. at PAGEID 263.) On February 23, 2021, Mr. Howard engaged in unlawful sexual conduct with a minor. (*Id*. at PAGEID 264.)

Prior to this investigation, Mr. Howard was incarcerated for twelve months for failure to comply with the order or signal of a police officer, beginning on January 16, 2020. (*Id*. at PAGEID 263) At the Ohio Department of Rehabilitation and Correction, Mr. Howard received conduct reports for being out of place, unauthorized possession, manufacture, or consumption of drugs, tampering with locks, disobedience of a direct order, and being out of place. (*Id*.) Post release control was imposed in April; by October 22, 2020, Mr. Howard incurred new charges in

Montgomery County Common Pleas Court Case No. 20CR3348 and was returned to prison to serve sanctions. (*Id*.) His supervision was unfavorably terminated on March 22, 2021. (*Id*.)

Mr. Howard was sentenced to five years' probation on April 29, 2021. (*Id*. at PAGEID 264.) On July 8, 2021, an absconder warrant was issued. (*Id*.) Mr. Howard was located on September 29, 2021, and his supervision was reinstated on October 5, 2021. (*Id*.) He violated his probation again on October 22, 2021. (*Id*.) Mr. Howard's supervision was revoked on January 20, 2022. (*Id*.) He was released to post release control on September 18, 2022, and by November 28, 2022, Mr. Howard was declared a violator at large and "restored," returned to prison on January 6, 2023, and terminated from supervision on May 30, 2023, as an "unfavorable release." (*Id*.)

Six months later, Mr. Howard was arrested for having weapons under disability. (*Id*. at PAGEID 265.) He was sentenced to five years' probation on May 10, 2023, and by June 20, 2023, Mr. Howard had again absconded from supervision. (*Id*. at PAGEID 266.) He was apprehended on July 13, 2022, and absconded *five days later*, on July 18, 2022. (*Id*.) Mr. Howard absconded on August 25, 2023, and violated his probation yet again two weeks later when he removed his house arrest bracelet, used illegal drugs, and failed to report a change of address. (*Id*.) He was declared an absconder and ultimately arrested on the instant offense while in the company of co-defendant Jackson. (*Id*.) In consideration of substance abuse issues, Mr. Howard was ordered to complete the MonDay program and not transported to answer for his federal charges until after he completed the program. Additionally, Mr. Howard now faces charges for weapons under disability from November 9, 2024, in Montgomery County, and probation violation sanctions for incurring new charges while on state supervision. (*Id*.)

At the age of 23, Mr. Howard is a criminal history category V. He has flouted the terms of supervision imposed by juvenile, state, and federal courts. Each of Mr. Howard's subsequent

5

criminal offenses were committed while under supervision. Mr. Howard has demonstrated he will not comply with the terms of supervision, but he will likely be in possession of a firearm while in the community.

The totality of Mr. Howard's conduct – his prior criminal adjudications and convictions, and his poor performance during supervision – demonstrate he is a prime candidate to re-offend. Given Mr. Howard's continued encounters with the justice system, and consistent lack of respect for the terms of supervision, the United States requests this Court impose a sentence that it hopes will provide just punishment for this behavior, but at least trusts will protect the public from Mr. Howard. The United States believes 36 months imprisonment is sufficient but no more than necessary to ensure the safety of the community.

## CONCLUSION

For the reasons stated above, the United States respectfully requests the Court adopt the Rule 11(c)(1)(A) plea agreement and sentence Mr. Howard to a period of incarceration of 36 months.

Respectfully submitted,

KELLY A. NORRIS
ACTING UNITED STATES ATTORNEY

 /s/ Jahan S. Karamali
JAHAN S. KARAMALI (0093800)
Assistant United States Attorney
Federal Building, 200 West Second Street, #600
Dayton, OH 45402
Phone No.: (937) 531-6792
Fax No.: (937) 225-2564
Email: Jahan.Karamali@usdoj.gov

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Sentencing Memorandum was served, via ECF, upon counsel for Defendant on this the 2nd day of April 2024.

                                            */s/ Jahan S. Karamali*
                                            JAHAN S. KARAMALI (0093800)
                                            Assistant United States Attorney